UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DENISSE VILLALTA,

        Plaintiff,

                      **Docket No.: 16-cv-2772-RA-JCF**

  -against-

JS BARKATS P.L.L.C., and SUNNY BARKATS,
an individual,

        Defendants.
-------------------------------------------------------------------X

## **DECLARATION OF MICHAEL R. MINKOFF, ESQ.**

  I, Michael R. Minkoff, an attorney admitted to practice in the Southern District of New York, declare pursuant to 28 U.S.C. § 1746 as follows:

  1. I am an associate at Borrelli & Associates, P.L.L.C., and I am counsel for the Plaintiff, Denisse Villalta ("Plaintiff"), in this matter. I am familiar with the facts and circumstances surrounding this matter and I submit this Declaration in support of Plaintiff's Motion for To Lift the Stay in place in this matter since June 28, 2016.

  2. Plaintiff began pursuing the claims in this matter by sending a letter, through counsel, to Sunny Barkats ("Barkats") and Defendant JS Barkats P.L.L.C. ("JSB"), (collectively, "Defendants"), dated November 20, 2014. A true and correct copy of that letter is attached hereto as **Exhibit 1**.

  3. After Defendants did not respond to Plaintiff's letter of November 20, 2014, Plaintiff sent Defendants a second letter, dated December 9, 2014. A true and correct copy of that letter is attached hereto as **Exhibit 2**.

1

4. Defendants did not respond to Plaintiff's December 9, 2014 letter, prompting Plaintiff to file a Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission ("EEOC") against Defendant JSB, dated February 6, 2015. A true and correct copy of the Charge, bearing the Charge Number 520-2015-9598, is attached hereto as **Exhibit 3**.

5. Defendant JSB filed a Position Statement with the EEOC in opposition to Plaintiff's Charge. A true and correct copy of Defendant JSB's Position Statement - - including the exhibit to Defendant JSB's Position Statement entitled "Law Firm Policy and Procedure" - - is attached hereto as **Exhibit 4**.

6. The EEOC issued Plaintiff a Notice of Right to Sue Letter on January 21, 2016. A true and correct copy of the EEOC's January 21, 2016 letter is attached hereto as **Exhibit 5**.

7. Following receipt of the January 21, 2016 EEOC letter, Plaintiff's counsel Alexander T. Coleman, Esq., emailed counsel for Defendants to advise that Plaintiff was prepared to file the instant action "in federal court" unless Defendants had any interest in resolving this matter. Defendants' counsel responded by simply refuting the merits of Plaintiff's claims. A true and correct copy of the parties' counsel's email exchange is attached hereto as **Exhibit 6**.

8. After Defendants waived service of the complaint in this action, on the date of Defendants' deadline to file an answer or otherwise respond to Plaintiff's complaint, new-counsel for Defendants requested a two-week extension of Defendants' deadline to do so. A true and correct copy of the parties' counsel's email exchange regarding this extension is attached hereto as **Exhibit 7**.

9. The Court granted this extension and warned that the extension would be a final one "absent good cause." Two days later, Defendants' counsel sent Plaintiff's counsel a letter dated June 16, 2016, identifying, for the very first time since the inception of this dispute, a purported arbitration "agreement" that governed Plaintiff's claims asserted in this action. A true and correct copy of the June 16, 2016 letter is attached hereto as **Exhibit 8**.

10. On or around June 27, 2016, Defendants sought an Order from the Court granting a stay of this action so that parties could arbitrate pursuant to the rules of the American Arbitration Association ("AAA"). On June 28, 2016, this Court granted a stay of this action, ordered the parties to proceed to AAA arbitration, and further directed the parties to notify the Court within seven days of the arbitration's conclusion.

11. The next day, on June 29, 2016, Plaintiff filed her Demand for Arbitration with AAA. A true and correct copy of the Demand for Arbitration is attached hereto as **Exhibit 9**.

12. On July 8, 2016, AAA designated the parties' dispute as one arising from an employer-promulgated plan to be administered in accordance with the AAA Employment Arbitration Rules and explaining:

> [i]n cases before a single arbitrator, a non-refundable filing fee, capped in the amount of $200, is payable in full by the employee when a claim is filed, unless the plan provides that the employee pay less. A non-refundable fee in the amount of $1,500 is payable in full by the employer, unless the plan provides that the employer pay more.

A true and correct copy of the July 8, 2016 AAA letter is attached hereto as **Exhibit 10**. Defendants never challenged or questioned this designation.

13. On October 19, 2016, AAA sent a second letter to the parties noting that the Defendants had failed to pay the $1,500.00 administrative fee required under AAA's

3

Employment Arbitration Rules. A true and correct copy of the October 19, 2016 letter is attached hereto as **Exhibit 11**.

14. On November 30, 2016, AAA sent a third letter to Defendants, copying Plaintiff, stating that Defendants still had not paid the $1,500.00 administrative fee required under AAA's Employment Arbitration Rules and warning:

> [w]e hope that this situation does not escalate to this level, but we want you to be aware that it is the policy of the AAA that if an employer does not comply with our request to pay the requisite administrative fees in accordance with the employer-promulgated plan fee schedule, the AAA may decline to administer future cases involving that employer. In addition, the employer may be requested to remove the AAA as the provider organization from their employment arbitration clauses.

A true and correct copy of the November 30, 2016 letter is attached hereto as **Exhibit 12**.

15. On December 16, 2016, AAA sent a fourth and final letter notifying the parties that Defendants remained in default of their obligations to pay the $1,500.00 administrative fee pursuant to AAA's Employment Arbitration Rules and that as a result, AAA had closed the file. A true and correct copy of the December 16, 2016 letter is attached hereto as **Exhibit 13**. The letter also stated:

> Because the employer has failed to comply with the Employment Arbitration Rules and the Employment Due Process Protocol, we will decline to administer any future employment matter involving respondent. We ask that respondent remove our name from its arbitration agreements so there is no confusion to the public.

16. In response to AAA's December 16, 2016 letter, a non-appearing attorney, Michael B. Wolk, Esq., responded via email on behalf of Defendants requesting that AAA reconsider its decision to close the matter due to Defendants' default. Defendants did not request additional time to pay the $1,500.00 administrative fee nor did Defendants request AAA to

reconsider its initial decision to designate the parties' dispute as one arising under an employer-promulgated plan subject to AAA's Employment Arbitration Rules. Plaintiff's counsel responded to Defendants' email request for reconsideration on the same day (also via email). On December 20, 2016, AAA denied Defendants' request for reconsideration to not deem the arbitration file closed due to Defendants' default. A true and correct copy of the email chain between AAA, Plaintiff's Counsel, and Mr. Wolk, is attached hereto as **Exhibit 14**.

17. Within the Parties' December 20, 2016 email chain, the Parties discussed a prior agreement regarding the Parties' respective obligations relating to the costs of mediation. A true and correct copy of the August 25, 2016 email between the Parties' counsel and the mediator, John Sands, Esq., outlining that agreement is attached hereto as **Exhibit 15**.

Dated: New York, New York
December 27, 2016

Respectfully Submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
655 Third Avenue, Suite 1821
New York, New York 10017
Tel. (212) 679-5000
Fax. (212) 679-5005

By: _____
Michael R. Minkoff, Esq. (MM 4787)