| | |
|---|---|
| **From:** | Michael B. Wolk |
| **To:** | Cheryl Florio; heathersanto@adr.org |
| **Cc:** | Alexander Coleman; Pooja Bhutani; Michael R. Minkoff; Michael Borrelli; kfslawfirm@gmail.com; Taylor Koss; Sunny Barkats |
| **Subject:** | Denise Villalta vs. JS Barkats PLLC and Sunny Barkats - - AAA No: 02-16-0003-0368 |
| **Date:** | Tuesday, December 20, 2016 3:30:54 PM |
| **Attachments:** | image001.png<br>image002.png<br>20161120110538529.pdf |

Dear Ms. Florio and Mr. Binda:

We write in response to misleading assertions in Mr. Coleman's email of December 16 and the AAA email earlier this afternoon.

*First*, even though Petitioner and her counsel are well aware of the mediation costs, we are attaching the Mediator's invoice documenting the many thousands of dollars that Respondent paid for the AAA-mediation.

There is a typo in a prior email.  Petitioner has not even paid the de minimus sum of $500 to the AAA-Mediator that Petitioner agreed to pay.

Petitioner's knowing default in failing to pay even the de minimus sum of $500 to the AAA-Mediator shows that Petitioner does not have clean hands in this matter.

*Second*, once we are provided with written proof that Petitioner has paid the de minimus sum of $500 to the AAA-Mediator, then Respondent intends to proceed to the next stage to remit payment of appropriate fees for the confidential arbitration.

Under no circumstances should the AAA "return" the sum of $200 to the Petitioner (or, more likely, a de minimus sum advanced by Petitioner's counsel) in connection with the commencement this matter before the AAA.

Indeed, unlike Petitioner, Respondent has not asked for the "return" of any sums Respondent has previously paid to the AAA or the AAA-Mediator.

*Third*, as set forth in my email below, Respondent respectfully asks the AAA to address and issued a reasoned ruling on Respondent's application for the AAA to exercise its discretion in directing Petitioner to pay all, or a portion, of an additional $1500 requested by the AAA to proceed with the next phase of the arbitration, in the aftermath of an unsuccessful AAA-Mediation arising from the following facts and circumstances:

As the AAA's records should indicate, the Petitioner violated the confidential arbitration clause in her employment agreement by improperly commencing a federal court lawsuit.

THAT UNLAWFUL CONDUCT BY PETITIONER CAUSED RESPONDENT TO INCUR SIGNIFICANT LEGAL FEES.

As the AAA's records should indicate, the federal court ordered that Petitioner's claims shall be resolved by arbitration in accordance with the confidential arbitration clause in her employment agreement.

RESPONDENT INCURRED SIGNIFICANT LEGAL FEES IN ENFORCING ITS RIGHTS IN FEDERAL COURT IN RESPONSE TO PETITIONER'S UNLAWFUL CONDUCT.

Respondent has paid many thousands of dollars for the AAA-Mediation while Petitioner has paid nothing.

THE SUMS PAID BY RESPONDENT FOR THE AAA-MEDIATION, WHILE PETITIONER HAS PAID NOTHING, SHOULD BE TAKEN INTO CONSIDERATION BY THE AAA AS TO THE NEXT AAA PAYMENT TO PROCEED WITH THE NEXT PHASE OF THE ARBITRATION.

Thank you.

Respectfully submitted,

Michael B. Wolk, Esq.
Law Offices of Michael B. Wolk, P.C.
130 West 42nd Street, Suite 405
New York, New York 10036
Tel:     917-238-0576
Fax:    973-535-1148
Email:  michael.wolk@wolkgroup.com

**From:** AAA Cheryl Florio [mailto:CherylFlorio@adr.org]
**Sent:** Tuesday, December 20, 2016 2:54 PM
**To:** Alexander Coleman <atc@employmentlawyernewyork.com>; Michael B. Wolk <michael.wolk@wolkgroup.com>
**Cc:** Pooja Bhutani <PB@employmentlawyernewyork.com>; kfslawfirm@gmail.com; Taylor Koss <taylorkoss75@gmail.com>; Michael R. Minkoff <MRM@employmentlawyernewyork.com>; Michael Borrelli <mjb@employmentlawyernewyork.com>; AAA Heather Santo <heathersanto@adr.org>
**Subject:** RE: Denise Villalta V. JS Barkats, PLLC and Sunny Barkats - Case 02-16-0003-0368

Dear Counsel:

As we understand it the mediator billed the parties directly and therefore whatever arrangements were made with the mediator as far as payment were not made known to the AAA. If you like we can ask the mediator what was billed to the parties.

As for the arbitration, the Claimant met their filing requirements by paying the $200 fee as required by the Rules for Employer Plan cases and Respondent did not meet their filing requirements (their $1500 share of the filing fee) and therefore the AAA returned the filing.

Sincerely,
Frank Binda (on behalf of Cheryl Florio)



**AAA Cheryl Florio**
**Case Administrator**

American Arbitration Association
Labor, Employment & Elections
T: 401 431 4887  F: 866 644 0234  E: CherylFlorio@adr.org
950 Warren Ave., East Providence, RI 02914-1414
www.adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Alexander Coleman [mailto:atc@employmentlawyernewyork.com]
**Sent:** Friday, December 16, 2016 3:15 PM
**To:** AAA Cheryl Florio
**Cc:** Pooja Bhutani; kfslawfirm@gmail.com; Taylor Koss; Michael B. Wolk; Michael R. Minkoff; Michael Borrelli
**Subject:** RE: Denise Villalta V. JS Barkats, PLLC and Sunny Barkats - Case 02-16-0003-0368

Ms. Florio:

It seems that Respondents are confusing the costs of mediation with the costs of arbitration.

With respect to the costs of mediation, Respondents are correct that Claimant agreed to be responsible for 5% of the mediation fees, capped at a total of $500 (not $5,000 as erroneously asserted below). To date, however, we have not received an invoice from either AAA or the mediator indicating the total cost of the mediation, so that we would know if our portion owed is the $500 cap or an amount less than that. Once we receive that invoice we will promptly pay our share of the mediation fee.

With respect to the arbitration, Claimant is of course not agreeing to pay any portion of the AAA's administrative fee, or of the arbitrator's fee, other than the $200 filing fee that Claimant has already paid and that you indicated would be refunded now that the case has been closed. As you know, this case is being administered pursuant to AAA's rules as an employer-promulgated plan. Those rules, as well as your letters, are very clear that the employer is responsible for all administrative expenses, as well as all of the arbitrator's fees, other than that initial $200 filing fee, which Claimant has paid.

Because Respondents have not paid as required, and as your prior letter warned, we expect that this matter will remain closed pursuant to your letter from earlier today.

Thank you.

Sincerely,

Alexander T. Coleman, Esq.
Partner
Borrelli & Associates, P.L.L.C.
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
Tel. No. (516) 248 - 5550
Fax No. (516) 248 - 6027
www.employmentlawyernewyork.com
atc@employmentlawyernewyork.com

-----------------------------------------------

655 Third Avenue, Suite 1821
New York, New York 10017
Tel. No. (212) 679 - 5000
Fax No. (212) 679 - 5005
www.employmentlawyernewyork.com
atc@employmentlawyernewyork.com



**From:** AAA Cheryl Florio [mailto:CherylFlorio@adr.org]
**Sent:** Friday, December 16, 2016 2:55 PM
**To:** Alexander Coleman
**Cc:** Pooja Bhutani; kfslawfirm@gmail.com; Taylor Koss; Michael B. Wolk
**Subject:** RE: Denise Villalta V. JS Barkats, PLLC and Sunny Barkats - Case 02-16-0003-0368

Mr. Coleman,

The AAA requests a response to the below email by close of business on Tuesday, December 20th.



**AAA Cheryl Florio**
**Case Administrator**

American Arbitration Association
Labor, Employment & Elections
T: 401 431 4887  F: 866 644 0234  E: CherylFlorio@adr.org
950 Warren Ave., East Providence, RI 02914-1414
www.adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Michael B. Wolk [mailto:michael.wolk@wolkgroup.com]
**Sent:** Friday, December 16, 2016 12:54 PM
**To:** Cheryl Florio
**Cc:** Pooja Bhutani; Alexander Coleman; kfslawfirm@gmail.com; Taylor Koss; Sunny Barkats
**Subject:** Denise Villalta V. JS Barkats, PLLC and Sunny Barkats - Case 02-16-0003-0368

Dear Ms. Florio:

I am a co-counsel for Respondents in connection with the above-referenced arbitration.

Indeed, as part of the above-referenced arbitration, I represented Respondents at the AAA-directed mediation.

Respondents paid for the AAA-directed mediation. As of today, I am advised that Petitioner paid nothing for the AAA-directed mediation - - not even a de minimus sum of $5000 that Petitioner's counsel had represented would be paid in connection with the AAA-directed mediation.

As the AAA's records should indicate, the Petitioner violated the confidential arbitration clause in her employment agreement by improperly commencing a federal court lawsuit.

As the AAA's records should indicate, the federal court ordered that Petitioner's claims shall be resolved by arbitration in accordance with the confidential arbitration clause in her employment agreement.

Under these circumstances, where the Petitioner violated the confidential arbitration clause in her employment agreement by improperly commencing g a federal court lawsuit, and the federal court ordered that Petitioner's claims shall be resolved by arbitration in accordance with the confidential arbitration clause in her employment agreement, and the Respondents paid for the AAA-directed mediation, it is the Respondents' position that, pursuant to the AAA's discretion under the AAA's rules, the arbitration should not be "administratively closed" and, instead, the Petitioner should be required to make an appropriate payment to the AAA so that the matter can proceed accordingly.

Thank you.

Respectfully submitted,

Michael B. Wolk, Esq.
Law Offices of Michael B. Wolk, P.C.
130 West 42nd Street, Suite 405
New York, New York 10036
Tel:   917-238-0576
Fax:   973-535-1148
Email:  michael.wolk@wolkgroup.com


**From:** Taylor Koss [mailto:taylorkoss75@gmail.com]
**Sent:** Friday, December 16, 2016 12:16 PM
**To:** Michael B. Wolk <michael.wolk@wolkgroup.com>
**Subject:** Fwd: Danise Villalta V. JS Barkats, PLLC and Sunny Barkats - Case 02-16-0003-0368

---------- Forwarded message ----------
From: <CherylFlorio@adr.org>
Date: Dec 16, 2016 12:15 PM
Subject: Danise Villalta V. JS Barkats, PLLC and Sunny Barkats - Case 02-16-0003-0368
To: <kfslawfirm@gmail.com>, <pb@employmentlawyernewyork.com>, <atc@employmentlawyernewyork.com>, <taylorkoss75@gmail.com>
Cc:

Hello,

Please review the attached correspondence regarding the above-referenced case.

Feel free to contact me with any questions, comments or concerns you have related to this matter.

Thank you.

[Logo]
AAA Cheryl Florio

Case Administrator
American Arbitration Association
Labor, Employment & Elections
T: [401 431 4887](tel:4014314887)  F: [866 644 0234](tel:8666440234)  E: [CherylFlorio@adr.org](mailto:CherylFlorio@adr.org)<mailto:[CherylFlorio@adr.org](mailto:CherylFlorio@adr.org)>
950 Warren Ave., East Providence, RI 02914-1414

[www.adr.org](http://www.adr.org)


The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

# JOHN E. SANDS
### ARBITRATOR AND MEDIATOR
425 EAGLE ROCK AVENUE
ROSELAND, NJ 07068

ATTORNEY AT LAW
ADMITTED IN NEW
YORK STATE ONLY

TEL 973-226-6620
FAX 973-226-6553
js@sandsadr.com

October 27, 2016

Taylor Koss, Esq.
The Law Offices of Kenneth F. Smith, PLLC
16 Court Street Suite 2901
Brooklyn, NY 11241

Michael B. Wolk, Esq.
Law Offices of Michael Wolk
13010 42nd Street, Suite 405
New York, NY 10036-7802

        Re:    Denisse Villalta vs. JS Barkats, PLLC and Sunny Barkats
              Mediation
              AAA Case No. 01 16 0003 0368
              JS Case No. 4425

Dear Colleagues:

    This will confirm that we concluded the mediation in this matter on October 17th without reaching a settlement and that you will advise me if I can be of further assistance in your discussions.

    In the meantime, I enclose my invoice for services and expenses, which I should appreciate your referring to the proper person for prompt payment of the remaining balance. Thank you for your kind cooperation. Best regards.

                            Sincerely,

                          **JOHN E. SANDS**

JES:hcr
Enclosure

# JOHN E. SANDS
## ARBITRATOR & MEDIATOR
425 Eagle Rock Avenue
Roseland, NJ 07068-1717

# INVOICE

| DATE |
|---|
| 10/26/2016 |

Taylor Koss, Esq.
The Law Offices of Kenneth F. Smith, PLLC
16 Court Street Suite 2901
Brooklyn, NY 11241

Denisse Villalta vs.
JS Barkats, PLLC and
Sunny Barkats Mediation
AAA Case No.  01 16 0003 0368



| Due on receipt | |
|---|---|
| JS CASE NO | INVOICE # |
| 4425 | 4526 |

| DATE | HOURS | PROFESSIONAL SERVICES RENDERED TO DATE | RATE | AMOUNT |
|---|---|---|---|---|
| 8/24/2016 | 0.4 | Review file. Prepare for 8/25 conference call . | 600.00 | 240.00 |
| 8/25/2016 | 1.5 | Conduct case management conference call.  Draft confirming correspondence. | 600.00 | 900.00 |
| 10/16/2016 | 1.6 | Review EEOC Complaint and position statement.  Telephone call with Wolk and Koss.  Review claimant's exhibits.  Review Wolk's email, attachments, and cases.  Email correspondence and Telephone call with Coleman. | 600.00 | 960.00 |
| 10/17/2016 | 8 | Travel to and from New York City.  Conduct mediation. | 600.00 | 4,800.00 |
| 10/17/2016 | | Travel Expenses<br>  Parking        $ 29.00<br>  Tolls              12.50<br>  Mileage        21.17  (39.2 miles @ .54) | 62.67 | 62.67 |

Accts more than 30 days due accrue interest at one percent (1%) per month.
Taxpayer ID 14-1575757

| | |
|---|---|
| TOTAL | $6,962.67 |
| PAYMENTS | -$3,975.92 |
| BALANCE DUE | $2,986.75 |

Phone # (973) 226-6620     Fax # (973) 226-6553

**BORRELLI & ASSOCIATES, P.L.L.C.**  10/07
OPERATING ACCOUNT
1010 Northern Boulevard, Suite 328
Great Neck, NY 11021
(516) 248-5550

HSBC BANK USA
CARLE PLACE OFFICE
CARLE PLACE, NY 11514
1-108/210

4495

12/21/2016

Pay to the Order of   John E. Sands     $ **348.13

Three Hundred Forty-Eight and 13/100************************************************************************ Dollars

John E. Sands
425 Eagle Rock Avenue
Third Floor
Roseland, NJ 07068-1717

Denisse Villalta v. JS Barkats, AAA Caso No: 0116-0

---

BORRELLI & ASSOCIATES, P.L.L.C.                                                                                  4495

John E. Sands                                                                              12/21/2016
                         Denisse Villalta v. JS Barkats, AAA Caso No: 0116-0                       348.13

HSBC Business Oper     Denisse Villalta v. JS Barkats, AAA Caso No: 01                             348.13

BORRELLI & ASSOCIATES, P.L.L.C.                                                                                  4495

John E. Sands                                                                              12/21/2016
                         Denisse Villalta v. JS Barkats, AAA Caso No: 0116-0                       348.13

HSBC Business Oper     Denisse Villalta v. JS Barkats, AAA Caso No: 01                             348.13

PAYMENT RECORD



John Sands
425 Eagle Rock Avenue
Roseland, NJ 07068

Borrelli & Associates, P.L.L.C.
1010 Northern Blvd., Suite 328
Great Neck, New York 11021