USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 7/17/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DENISSE VILLALTA,

     Plaintiff,

v.

JS BARKATS, P.L.L.C. and SUNNY BARKATS,

     Defendants.

No. 16-CV-2772 (RA)

MEMORANDUM OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

After the Court denied Defendants' motion to compel arbitration and granted Plaintiff's motion to lift the stay in this action, Defendants proffered for the first time that there were material documents related to the mediation proceedings which had not been provided to the Court because, pursuant to the terms of the mediation, they were confidential. Primarily on that basis, Defendants now urge the Court to reconsider its prior rulings. For the reasons that follow, Defendants' motion for reconsideration is denied.

## LEGAL STANDARD[1]

"Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b)." *Farmer v. United States*, No. 15-CV-6287 (AJN), 2017 WL 3448014, at *2 (S.D.N.Y. Aug. 10, 2017) (citation omitted). "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Cohen Lans LLP v. Naseman*, No. 14-CV-4045 (JPO), 2017 WL 1929587, at *1

---

[1] The Court assumes familiarity with the facts, which were recounted in its prior ruling. *See* Tr., Sept. 9, 2017, ECF No. 38.

1

(S.D.N.Y. May 10, 2017) (citation omitted). "In order to prevail on a motion for reconsideration, a movant must demonstrate '(i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or prevent manifest injustice.'" *Id.* (citation omitted). "The standard governing motions for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Bldg. Serv. 32BJ Health Fund v. GCA Servs. Grp., Inc.*, No. 15-CV-6114 (PAE), 2017 WL 1283843, at *1 (S.D.N.Y. Apr. 5, 2017) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). "A motion for reconsideration is 'not a vehicle for re[-]litigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Sea Trade Mar. Corp. v. Coutsodontis*, No. 09-CV-488 (LGS), 2017 WL 1378276, at *1 (S.D.N.Y. Apr. 14, 2017) (citation omitted); *see also de los Santos v. Fingerson*, No. 97-CV-3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998) ("[T]he proponent of a motion for reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.").

## DISCUSSION

Defendants assert two independent bases for reconsideration: (1) that the confidential mediation documents warrant a different result and (2) that the Court applied the wrong legal standard in its previous ruling. Neither argument has merit.

Defendants principally focus their motion on the newly provided mediation documents. Even assuming, *arguendo*, that Defendants could not have previously provided these materials to the Court—either *in camera* or with Plaintiff's consent—this argument is unavailing.[2] The

---

[2] After Defendants expressed a desire to provide these materials to the Court with the instant motion, Plaintiff did in fact consent to their submission. *See* Mot. for Recons., Ex. B at 1, ECF No. 34-4.

2

significance of these materials, according to Defendants, is that they demonstrate that both Plaintiff and the AAA were aware in October of 2016 that Mr. Smith, Defendants' previous attorney, was no longer representing Defendants in the arbitration proceedings and had instead been replaced by Mr. Wolk, who purportedly had not been notified that a $1,500 payment was due in connection with the arbitration. As the Court then noted, there was no evidence in the record that Plaintiff or the AAA knew that Mr. Smith had ceased representing Defendants. Indeed, when Mr. Wolk e-mailed the AAA to contest the closure of the matter, he identified himself as "co-counsel for [Defendants]"—not Defendants' "new counsel." Minkoff Decl., Ex. 14 at 3, ECF No. 18-14.[3]

These new materials do nothing to alter the Court's previous analysis. It was indisputably Defendants' responsibility to formally notify the AAA of a change in counsel, which they do not claim to have done. Moreover, there is not a single piece of evidence suggesting that either Plaintiff or the AAA were aware that Mr. Smith stopped representing Defendants during the relevant period. The new materials show only that Mr. Wolk communicated with Plaintiff's counsel and the AAA in the context of the mediation and immediately thereafter, when threatening Plaintiff's counsel with the prospect of counter-claims. *See generally* Mot. for Recons., Ex. C, ECF No. 34-5. But it does not follow from this correspondence that Plaintiff or the AAA were aware that Mr. Wolk, rather than collaborating with Mr. Smith, had replaced him. Further probative of the lack of bad faith on Plaintiff's part is that the materials now provided by Defendants document that in October of 2016 her attorneys explicitly informed Mr. Wolk that they would have no further contact with him because the mediation was complete and he was not the attorney of record in the arbitration proceedings. Mot. for Recons., Ex. C at 7, ECF No. 34-5. It escapes the Court how Mr. Wolk can now in good faith argue that the purported bad faith of

---

[3] Mr. Smith was not terminated as counsel of record in this action until January 11, 2017.

3

Plaintiff or the AAA was responsible for him not being notified of the required arbitration payment. The Court thus declines to disturb its previous ruling on this basis.

The second argument can also be summarily dismissed. As Defendants have done throughout the course of litigating this particular issue, they continue to conflate the concepts of waiver and default. Plaintiff seems to concede that Defendants did not waive their right to arbitration. But the cases regarding waiver cited by Defendants have no bearing on the distinct concept of default. Defendants have not provided a single authority for the argument they continue to advance: that waiver and default are governed by the same standard. To the contrary, the cases cited by the Court in its prior ruling make it abundantly clear that non-payment of arbitration fees may in fact constitute a default within the meaning of § 3 of the FAA. *See Polit v. Global Foods Int'l Corp.*, No. 14-CV-7360 (JPO), 2016 WL 632251, at *2 (S.D.N.Y. Feb. 17, 2016); *Sink v. Aden Enters., Inc.*, 352 F.3d 1197, 1200-01 (9th Cir. 2003); *Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287, 1294 (10th Cir. 2015); *Garcia v. Mason Contract Prods., LLC*, No. 08-23103-CV, 2010 WL 3259922, at *4 (S.D. Fla. Aug. 18, 2010); *Stowell v. Toll Brothers*, No. 06-CV-2103, 2007 WL 30316, at *1 (E.D. Pa. Jan. 4, 2007).

## CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration is denied. Defendants shall answer or otherwise respond to the Complaint within twenty-one days. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry thirty-four.

SO ORDERED.

Dated: July 17, 2018
New York, New York

_____
Ronnie Abrams
United States District Judge