```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/1/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DENISSE VILLALTA,                               :            16-cv-2772 (RA) (RWL)
                                                :
                    Plaintiff,                  :            **ORDER**
                                                :
          - against -                           :
                                                :
JS BARKATS, PLLC, and SUNNY BARKATS,             :
                                                :
                    Defendants.                 :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Fact discovery in this sexual harassment and discrimination suit closes October 31, 2019. (*See* ECF 76.) Plaintiff has filed a letter motion to compel the deposition of Defendant attorney Sunny Barkats (both individually and on behalf of the corporate defendant), for him to appear by October 16, 2019 in person rather than by remote means, and to warn that his failure to do so will result in entry of default judgment. (Dkt. 83.) Barkats is the subject of a criminal proceeding in New York and some time ago departed for Europe where his location remains undisclosed. Having fled the U.S., Barkats asks that he be allowed to appear for deposition by remote means, namely telephone or video conference.[1] (Dkt. 85.)

Plaintiff's motion is granted for substantially the reasons set forth in its letter motion. Defendant has not demonstrated good cause why he should not be deposed in the forum where this case is pending; to the contrary, requiring the deposition to proceed by remote means would materially prejudice Plaintiff. As Plaintiff aptly notes, this case

---

[1] Barkats did not even timely respond to the instant letter motion; nor did he file a request for more time to respond. Instead, his attorney responded only after this Court issued an order *sua sponte* extending the deadline to respond. (Dkt. 84.)

1

presents salacious allegations of *quid quo pro* sexual harassment. Questioning in this case merits actual presence rather than providing a "shield of thousands of miles, at least one ocean, and a computer screen insulating Barkats from the normal pressures of direct examination." (Dkt. 83 at p.3.) Moreover, Defendant's proposal presents a number of logistical difficulties, including the time zone differential and the need for advance coordination of deposition exhibits that deprives Plaintiff of the ability to add, withdraw or modify exhibits during the deposition. *See Wei Su v. Sotheby's, Inc.*, No. 17-CV-4577, 2019 WL 4053917, at *3 (S.D.N.Y. Aug. 28, 2019) (conducting remote depositions "across continents and time zones" presents "numerous logistical difficulties.") (internal quotations and citations removed).

It would be manifestly unfair and a perversion of justice to permit Barkats from using the excuse that he has fled a criminal indictment as a basis to avoid having his deposition taken in person. The Court will extend discovery by one month to November 30, 2019 to allow arrangements to be made for the deposition. If Barkats fails to appear for his deposition as scheduled, this Court will recommend to the District Judge that default judgment be entered against Defendants.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:   October 1, 2019
         New York, New York