```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/3/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DENISSE VILLALTA,                               :         16-cv-2772 (RA) (RWL)
                                                :
              Plaintiff,           :         **REPORT AND RECOMMENDATION**
                                                :         **TO HON. RONNIE ABRAMS:**
      - against -                              :         **DEFAULT SANCTIONS**
                                                :
JS BARKATS, PLLC, and SUNNY BARKATS,             :
                                                :
             Defendants.         :
-----------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Plaintiff Denisse Villalta brings this employment discrimination case against Sunny Barkats and his law firm, JS Barkats, PLLC (together "Barkats" or "Defendants"). Villalta, who was nineteen years old at the time, alleges that she worked for Barkats for two days, during which time he subjected her to *quid pro quo* sexual harassment and a hostile work environment. Villalta's claims are for gender discrimination and harassment, in violation of Title VII of the Civil Rights Act of 1964, and sex discrimination and harassment in violation of the New York City Human Rights Law. Villalta now requests entry of default judgment against Barkats based on Barkats' delay tactics and failure to appear for his court-ordered deposition. For the following reasons, Villalta's motion should be GRANTED.

**Factual and Procedural Background**

Barkats has delayed facing the allegations against him for more than three and a half years. Villalta filed her Complaint on April 13, 2016. (Dkt. 1.) Since then, Barkats has resisted participating in the litigation at virtually every step. Barkats has stymied the

1

case even more by fleeing the country, apparently to elude his arrest for criminal indictment on grand larceny here in New York.[1]

The case initially was stayed upon the parties' stipulation to arbitration pursuant to the terms of Villalta's employment agreement. (Dkt. 14.) Barkats defaulted, however, failing to participate in the arbitration, as a result of which the Court lifted the stay. (Dkt. 33.) Barkats moved for reconsideration, which the Court denied as well. (Dkt. 43.) Barkats then appealed the Court's order lifting the stay and sought a stay pending the appeal. (Dkt. 45.) This Court denied that motion.[2] (Dkt. 53.) Ultimately, Barkats' appeal was dismissed for failure to prosecute. *Villalta v. JS Barkats PLLC*, No. 18-2530, Dkt. 38 (2d Cir. Dec. 6, 2018).

After once changing counsel, Barkats' replacement attorney withdrew based on, *inter alia*, Barkats' failure to pay fees and failure to communicate with his attorney. (*See* Dkt. 56.) This event resulted in further delay, as Barkats received time to either obtain new counsel or appear pro se. (*Id.*) After Barkats' third counsel appeared on behalf of Barkats (Dkt. 66), this Court entered a case management and plan and scheduling that set October 31, 2019 as the deadline for completing all fact discovery, including

---

[1] *See* Dkt. 78, Pl's Mot. to Compel at 1 (July 10, 2019) ("[Defendants' counsel] represented that Defendant Barkats remains out of the United States with no known plans to return."); Dkt. 80, Defs' Resp. to Pl's Mot. to Compel at 1 ("As the court is aware, my client remains out of the United States. Following the court conference in May 2019, I reached out to Mr. Barkats' criminal attorney . . . and was advised that he was working diligently to negotiate with the New York County District Attorney's Office to secure the Defendant's return to the United States. As of today's date, I was advised that the negotiations have been unsuccessful.").

[2] The order denying the stay pending appeal was issued by the undersigned after referral of the case for general pretrial matters. (*See* Dkt. 52.)

depositions. (Dkt. 76.) Barkats then proceeded to fail to answer requests to admit and interrogatories, necessitating Villalta to file a motion to compel (Dkt. 78), which this Court granted. (Dkt. 81.)

Next, Barkats avoided setting a date for his deposition and insisted that if there were to be a deposition it take place by remote means (via telephone or video conference) while he remained outside the U.S. (i.e., a fugitive). (*See* Dkt. 83, 85.) Villalta was forced to file another motion to compel, which this Court granted on October 1, 2019. (Dkt. 86.) In granting the Order, this Court explained that "requiring the deposition to proceed by remote means would materially prejudice Plaintiff," and "would be manifestly unfair and a perversion of justice to permit Barkats from using the excuse that he has fled criminal indictment as a basis to avoid having his deposition taken in person." (*Id.* at 1-2.) The order thus directed that Barkats appear in person in New York for his deposition no later than November 30, 2019 (which required extending the discovery schedule) and warned: "If Barkats fails to appear for his deposition as scheduled, the Court will recommend to the District Judge that default judgment be entered against Defendants." (*Id.* at 2.)

Barkats did not appear for his deposition; nor did he request any extension of time or relief from the October 1 order. To the contrary, on November 13, 2019, his attorney informed Villalta's counsel that "my client has advised that he will not be available for a deposition within the SDNY by the date set by the Court" but did not offer any alternative timing or suggest that Barkats would ever be available for deposition in New York. (Dkt. 87, ex. 1.) That same day, Barkats offered, through counsel, to resolve this case for a sum of money, and a much larger sum of money if Villalta "testifies (in another action) that she was wrong and mislead by her lawyers [in this case]." (Dkt. 87, Ex. 2.) And, in

3

a text sent directly to Villalta, Barkats threatened that he is "investing in a film" that will "propagate" and become "widespread" on the internet in which Villalta's "boy will see his mom" engaging in sexual conduct. (Dkt. 87, Ex. 3.)

In short, Barkats has spurned Court orders, pursued numerous unsuccessful ploys to derail or delay this case, threatened Plaintiff, and sought to purchase testimony. It is against this backdrop that Villalta requests that this Court recommend entry of judgment by default against Barkats, to be followed by an inquest on damages. (Dkt. 87.) On January 3, 2020, this Court gave Barkats one last opportunity to respond and warned that, absent a response, this Court will recommend entry of default judgment. (Dkt. 89.) No response was filed.

## Discussion

"On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or pretrial order." Fed. R. Civ. P. 16(f). As recounted above, Barkats has done exactly that; he has disobeyed the Court's scheduling and discovery orders.

Rule 37(b)(2)(A)(iii) and (vi) authorize the Court to strike pleadings in whole or in part or to render a default judgment against the disobedient party. These sanctions are severe, but they "may be appropriate in extreme situations, as when a court finds willfulness, bad faith, or any fault on the part of the noncompliant party." *Guggenheim Capital, LLC v. Birnbaum,* 722 F.3d 444, 450-51 (2d Cir. 2013) (quotations omitted); *see also Local Union No. 40 of the International Association of Bridge, Structural and Ornamental Iron Workers v. Car-Win Construction, Inc.,* No. 12 Civ.4854, 2014 WL 61443, at *3 (S.D.N.Y. Jan. 2, 2014) ("[D]ispositive measures are certainly in the court's

4

arsenal, if needed, to remedy otherwise irremediable prejudice or to address persistent bad-faith pre-trial conduct by a litigant.") (quotation omitted).

Whether to impose sanctions under Rule 37 is within the court's discretion and guided by a number of factors: (1) the willfulness of the non-compliant party; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the noncompliant party had been warned that noncompliance would be sanctioned. *Funk v. Belneftekhim,* 861 F.3d 354, 366 (2d Cir. 2017). "These factors are not exclusive and none is dispositive, 'because the text of [Rule 37] requires only that the district court's orders be just,' and 'because the district court has wide discretion in imposing sanctions under Rule 37.'" *Coach, Inc. v. O'Brien*, No. 10 Civ.-6071 (JPO) (JLC), 2012 WL 1255276, at *8 (S.D.N.Y. Apr. 13, 2012) (quoting *Southern New England Telephone Co. v. Global NAPs Inc.,* 624 F.3d 123, 144 (2d Cir. 2010)).

All of the relevant factors favor striking the Defendants' Answer, Defenses, and Counterclaims and entering default against them.  First, Barkats' non-compliance has been indisputably willful, perhaps best exemplified by his refusal to appear for deposition as ordered by the Court.  No justifiable excuse was provided for failure to appear.  Barkats' request that his deposition be taken remotely while he remains a fugitive abroad was denied.  Still, Barkats defied the Court's order.  Moreover, the procedural history of this case evinces one dilatory tactic after another with the result that even after more than three and a half years, the case is far from trial-ready.

Second, no lesser sanctions can be expected to bring Barkats into compliance. Barkats fled abroad and remains there with no indication that he will return at any time or that he will submit to his deposition as ordered.  He has only become more emboldened

5

to engage in bad faith and even malicious conduct as exemplified by his offer to purchase Villalta's testimony while at the same time threatening to defame and shame her on the internet. Barkats has proven himself someone who is not capable of following orders or respecting the law. Based on Barkats' behavior, the Court concludes that only dispositive sanctions will do. *See Battiste-Downie v. Covenant House,* 471 F. App'x 78, 79 (2d Cir. 2012) (summary order) ("[T]he efficacy of lesser sanctions to correct such behavior is doubtful, given that [the sanctioned party] refused to respond to . . . discovery demands even after being ordered repeatedly to do so.").

Third, Barkats' disregard for court orders goes back at least half a year to July 2019, when Plaintiff had to resort to a motion to compel Barkats to participate in discovery. (*See* Dkt. 78.) That period comfortably falls within and even exceeds periods of non-compliance other courts in this district have found to warrant dispositive sanctions. *See, e.g., Embuscado v. DC Comics,* 347 F. App'x 700, 701 (2d Cir. 2009) (summary order) (affirming imposition of dispositive sanctions following three-month period of noncompliance); *Urbont v. Sony Music Entertainment,* No. 11 Civ.4516, 2014 WL 6433347, at *3 (S.D.N.Y. Nov. 6, 2014) (discussing imposition of dispositive sanctions after periods of noncompliance ranging from three to twelve months). And because Barkats has indicated that his failure to appear for deposition will continue indefinitely, the period of non-compliance will only lengthen. It is also noteworthy that Barkats' non-compliance is merely one way in which he has managed to delay this case for years.

Finally, Barkats received ample warning that his non-compliance would result in dispositive sanctions, including in orders issued on October 1, 2019 (Dkt. 86) and January 3, 2020 (Dkt. 89). As the October 1, 2019 order admonished: "If Barkats fails to appear

6

for his deposition as scheduled, the Court will recommend to the District Judge that default judgment be entered against Defendants." (Dkt. 86.) That time has come. Barkats has engaged in "sustained and willful intransigence in the face of repeated and explicit warnings from the [C]ourt," *Valentine v. Museum of Modern Art,* 29 F.3d 47, 50 (2d Cir. 1994), meriting imposition of dispositive sanctions.

The need for and propriety of dispositive sanctions is demonstrated all the more by Barkats having recently engaged in virtually identical behavior in another case in this District resulting in imposition of dispositive sanctions. *See Lewis Family Group Fund LP v. JS Barkats PLLC*, 16-Civ-5255 (S.D.N.Y.). As here, Barkats "engaged in a sustained campaign of delay tactics," defied court orders, and remained situated abroad with no indication of when or if he would return for trial. (*Id.*, Dkt. 252 at 2, and Dkt. 249 at 3.) On July 11, 2019, Judge Nathan issued an order striking Barkats' Answer, Defenses, and Counterclaims and finding Barkats in default. (*Id.*, Dkt. 252 at 5.)

## Conclusion

For the foregoing reasons, I recommend that the Court enter a default against Defendants, and – upon Plaintiff's demonstration that the facts as alleged and deemed admitted are sufficient to establish Plaintiff's claims – order an inquest for determination of damages. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the Chambers of the Honorable Ronnie Abrams, at United States Courthouse, 40 Foley Square, New York, New York 10007, and to the Chambers of the undersigned, at United States Courthouse, 500 Pearl Street, New

York, New York 10007.  **Failure to file timely objections will preclude appellate review.**

                                            Respectfully Submitted,

                                            _____
                                            ROBERT W. LEHRBURGER
                                            UNITED STATES MAGISTRATE JUDGE

Dated:      January 31, 2020
              New York, New York