USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 7/14/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DENISSE VILLALTA,

                          Plaintiff,

              v.

J.S. BARKATS, PLLC; SUNNY BARKATS;

                          Defendants.

---

No.   16-CV-2772 (RA)

OPINION ADOPTING REPORT &
RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

Plaintiff Denisse Villalta brings this action against her former employer, Defendant

Sunny Barkats, and his law firm, Defendant J.S. Barkats, PLLC. Plaintiff alleges that during the

two days she worked for Barkats in 2014, he subjected her to *quid pro quo* sexual harassment

and a hostile work environment. She asserts claims for gender discrimination and harassment in

violation of Title VII of the Civil Rights Act of 1964 and similar claims in violation of municipal

law. On November 22, 2019, Plaintiff moved for a default judgment against Defendants in light

of their repeated failure to comply with court orders, including Barkats' refusal to appear for his

court-ordered deposition. *See* Dkt. 87.

Before the Court is Magistrate Judge Lehrburger's Report and Recommendation

("Report"), dated February 3, 2020, recommending that the Court enter a default against

Defendants. In his Report, Judge Lehrburger determined that a default judgment was appropriate

in light of Defendants' egregious conduct throughout this litigation, including "spurn[ing] Court

orders, pursu[ing] numerous unsuccessful ploys to derail or delay this case, threaten[ing]

Plaintiff, and s[eeking] to purchase testimony." Rpt. at 3.[1] He noted, for instance, that not only did Defendants "resist[] participating in the litigation at virtually every step," but Barkats also "stymied th[is] case even more by fleeing the country, apparently to elude his arrest for criminal indictment on grand larceny here in New York." *Id.* at 1-2. Judge Lehrburger further recommended that "upon Plaintiff's demonstration that the facts as alleged and deemed admitted are sufficient to establish Plaintiff's claims," this Court "order an inquest for determination of damages." *Id*. at 7. Pursuant to Federal Rule of Civil Procedure 72(b), Defendants filed written objections to the Report, *see* Dkt. 91, to which Plaintiff responded, *see* Dkt. 92. After reviewing the Report and Defendants' objections, the Court adopts the Report in its entirety and orders an inquest for determination of damages.

## LEGAL STANDARD

When a magistrate judge issues a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made [therein]." 28 U.S.C. § 636(b)(l)(C). "When a timely and specific objection to a report and recommendation is made, the Court reviews *de novo* the portion of the report and recommendation to which the party objects." *Tagliaferri v. United States*, No. 17-CV-3026 (RA), 2019 WL 498361, at *1 (S.D.N.Y. Feb. 8, 2019); *see also Time Square Food Imps. LLC v. Philbin*, No. 12-CV-9101 (PAE), 2014 WL 521242, at *2 (S.D.N.Y. Feb. 10, 2014) (requiring objections to be "specific and clearly aimed at particular findings in the magistrate judge's report") (citation omitted). "[T]o the extent . . .  that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865 (LTS),

---

[1] The Opinion uses the following citations: "Rpt." for Judge Lehrburger's Report, *see* Dkt. 90, and "Defs.' Obj." for Defendants' objections to the Report, *see* Dkt. 91.

2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008). In addition, any portion of a magistrate judge's report that is not objected to is reviewed for clear error. *See Razzoli v. Fed. Bureau of Prisons*, No. 12-CV-3774 (LAP), 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014).

## DISCUSSION

Defendants object to the Report on two grounds: (1) contrary to Judge Lehrburger's findings, Defendants "responded to Plaintiff's discovery requests in a timely manner"; and (2) Barkats' request to conduct depositions remotely should have been granted. Defs.' Obj. at 1. Defendants did not raise these two arguments against Plaintiff's motion for default judgment before Judge Lehrburger. Therefore, for the reasons set forth below, the Court will not consider these objections and reviews the Report only for clear error.

## I.      Defendants' Newly Raised Arguments

Courts in this circuit are divided over whether "a party may raise a new legal argument . . . for the first time in objections to [a magistrate judge's report and recommendation]." *George v. Shamrock Saloon II LLC*, No. 17-CV-6663 (RA), 2020 WL 133621, at *2 (S.D.N.Y. Jan. 13, 2020) (quoting *Levy v. Young Adult Inst., Inc.*, 103 F. Supp. 3d 426, 433 (S.D.N.Y. 2015)). Some courts refuse to consider any new legal arguments or factual assertions that were not previously raised before the magistrate judge. *See*, *e.g.*, *Razzoli*, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all."). The justification for this approach is that hearing these new arguments at this late stage would "unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments." *Sci. Components Corp. v. Sirenza Microdevices, Inc.*, No. 03-CV-1851 (NGG)(RML), 2006 WL 2524187, at *2 (E.D.N.Y.

Aug. 30, 2006). Other courts, however, balance the following six factors to determine whether to exercise their discretion and address the newly raised arguments:

> (1) the reason for the litigant's previous failure to raise the new legal argument; (2) whether an intervening case or statute has changed the state of the law; (3) whether the new issue is a pure issue of law for which no additional fact-finding is required; (4) whether the resolution of the new legal issue is not open to serious question; (5) whether efficiency and fairness militate in favor or against consideration of the new argument; and (6) whether manifest injustice will result if the new argument is not considered.

*Parks v. Comm'r of Soc. Sec.*, No. 15-CV-6470 (ER), 2017 WL 3016946, at *3 (S.D.N.Y. July 17, 2017).

In their objections to the Report, Defendants argue that they have "actively participated in this proceeding," "not attempted to delay these proceedings," and "responded to discovery demands in order to address the merits of this case expeditiously." Defs.' Obj. at 2. They also ask the Court to reconsider Judge Lehrburger's decision to deny them the "opportunity to conduct depositions remotely." *Id.* at 1. However, despite having had the opportunity to present these arguments in response to Plaintiff's motion for default judgment and, more generally, to explain their egregious conduct throughout this litigation, Defendants never did so. After Plaintiff filed her motion on November 22, 2019, *see* Dkt. 87, Defendants did not respond. Accordingly, on January 3, 2020, Judge Lehrburger issued an order, noting that "Plaintiff filed a letter motion requesting this Court to recommend entry of default judgment against Defendants" but that "Defendants have not filed any response." Dkt. 89. He warned that "[a]bsent a response [by January 10, 2020], this Court will recommend entry of default of judgment." *Id.* Still, Defendants did not file any opposition – let alone, any response – to Plaintiff's motion by January 10, nor by the time that Judge Lehrburger issued the Report on February 3. As such,

while the arguments set forth in Defendants' objections were available for them to make before Judge Lehrburger, Defendants opted not to do so.

The Court need not decide here which is the proper approach for determining whether to address new legal arguments or factual assertions raised for the first time in objections to a magistrate judge's report and recommendation. Even under the more lenient factor-based approach, Defendants' newly raised arguments do not warrant consideration. Defendants have given no "reason for [their] previous failure to raise the new legal argument" before Judge Lehrburger. *Parks*, 2017 WL 3016946, at *3. They were provided nearly two months to respond to Plaintiff's motion, as well as a warning that failure to respond would result in a recommendation of a default judgment.  Dkt. 89 (January 3, 2020 Order)*.* Indeed, even in their objections, Defendants do not explain their failure to respond to Plaintiff's motion before the Report was issued.[2]  Moreover, whether Defendants have delayed this action's progress and failed to comply with court orders is a fact-dependent inquiry that Judge Lehrburger was best able to resolve because he has closely supervised discovery since the action was referred to him on November 14, 2018. *See* Dkt. 52 (Order of Reference). For instance, in ordering Barkats to appear in-person for a deposition in September 2019, Judge Lehrburger had warned Defendants that he would "recommend to the District Judge that default judgment be entered against Defendants" should Barkats fail to appear. Dkt. 86. Nor do Defendants argue that Judge Lehrburger failed to consider any evidence – or intervening law – in their objections.

---

[2] It is also worth noting that while Defendants now ask the Court to reconsider the decision to deny remote depositions, Defendants did not object to Plaintiff's motion to compel Barkats to appear in-person for his deposition in a timely manner.  Rather, after Plaintiff filed that motion on September 20, 2019, Judge Lehrburger issued an order, explaining that "[t]he Court has not received any response from Defendant" although "[t]his Court's rules require that any response to a letter motion must be submitted within three days."  Dkt. 84.  Defendants responded four days after Judge Lehrburger's order, without any explanation for their delay.  *See* Dkt. 85.

Finally, after nearly four years of employing delay tactics, disregarding court orders, and failing to cooperate with discovery, "efficiency and fairness militate . . . against consideration of [Defendants'] new argument[s]." *Parks*, 2017 WL 3016946, at *3.

As such, to now consider Defendants' objections – arguments that could have been raised before Judge Lehrburger – "would negate efficiencies gained through the Magistrates Act." *Amadasu v. Ngati*, No. 05-CV-2585 (RRM), 2012 WL 3930386, at *5 (E.D.N.Y. Sept. 9, 2012) (citation omitted). Therefore, Defendants' arguments now before this Court "may not be deemed objections at all," *3 W. 16th St., LLC v. Commonwealth Land Title Ins. Co.*, No-18-CV-1914 (AT), 2019 WL 1397135, at *2 (S.D.N.Y. Mar. 28, 2019), and the Report is reviewed only for clear error.

## II.    Review of the Report

The Court now reviews the Report for clear error. *See Razzoli*, 2014 WL 2440771, at *5. After considering Judge Lehrburger's detailed factual findings and legal conclusions, the Court finds no clear error.

As the Report correctly notes, "[a] court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or pretrial order."  Rpt. at 4 (citing Fed. R. Civ. P. 16(f)).  For instance, pursuant to Rule 37(b)(2)(A)(vi), a court may "render a default judgment against the disobedient party."  Rpt. at 4. Judge Lehrburger correctly recognized that while "[t]hese sanctions are severe," they "may be appropriate in extreme situations, as when a court finds willfulness, bad faith, or any fault on the part of the noncompliant party."  *Id.* (citing *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 450-51 (2d Cir. 2013)).

Noting a court's discretion in this area, Judge Lehrburger proceeded to apply the relevant

four factors – "(1) willfulness of the non-compliant party; (2) the efficacy of lesser sanctions; (3)

the duration of the noncompliance; and (4) whether the noncompliant party had been warned that

noncompliance would be sanctioned" – to the facts of this action.  Rpt. at 5 (citing *Funk v.

Belneftekhim*, 861 F.3d 354, 366 (2d Cir. 2017)). Judge Lehrburger first concluded that "Barkats'

non-compliance has been indisputably willful."  Rpt. at 5. In addition to citing Barkats' failure to

appear for his court-ordered deposition without providing any "justifiable excuse," Judge

Lehrburger explained that "the procedural history of this case evinces one dilatory tactic after

another with the result that even after more than three and a half years, the case is far from trial-

ready." *Id*. Courts in this district have found similar unjustified conduct to amount to willful non-

compliance. *See Embuscado v. DC Comics*, 347 F. App'x 700, 701 (2d Cir. 2009) (affirming a

finding of willful noncompliance where the plaintiff "violated a series of court orders requiring

the production of documents and appearance for deposition"); *Doe v. Delta Airlines*, Inc., No.

13-CV-6287 (PAE), 2015 WL 798031, at *2 (S.D.N.Y. Feb. 25, 2015) ("Willful non-compliance

is routinely found, for instance, where a party has repeatedly failed to . . . produce documents . . .

in violation of the district court's orders." (internal quotation marks and citation omitted)).

Next, Judge Lehrburger determined that "no lesser sanctions can be expected to

bring Barkats into compliance" because "Barkats has proven himself someone who is not

capable of following orders or respecting the law." Rpt. at 5-6. In deciding to recommend

a default judgment, the Report not only cites Barkats' unjustifiable conduct throughout

this litigation, including fleeing the country, but also emphasizes his more recent "offer to

purchase Villalta's testimony while at the same time threatening to defame and shame her

on the internet." *Id.* at 5-6.  This, as the Report explains, shows that "[Barkats] has only

become more emboldened to engage in bad faith and even malicious conduct." *Id.*
Indeed, contrary to Defendants' assertion, *see* Defs.' Obj. at 2, Judge Lehrburger
explicitly considered lesser sanctions and concluded that they would be inappropriate
given Defendants' repeated refusals to respond to discovery demands. *See* Rpt. at 5-6; *see
also Farmer v. Hyde Your Eyes Optical, Inc.*, No. 13-CV-6653 GBD JLC, 2015 WL
2250592, at *8 (S.D.N.Y. May 13, 2015) ("[D]eliberate and persistent noncompliance
may render lesser sanctions inappropriate, and a district court is not required to exhaust
possible lesser sanctions before imposing dismissal or default if such a sanction is
appropriate on the overall record.") (internal quotation marks and citation omitted).

Finally, Judge Lehrburger concluded that a default judgment was appropriate
because of the duration of Defendants' noncompliance, particularly in light of the
repeated warnings that this conduct might lead to a recommendation for entry of a default
judgment. According to the Report, "Barkats' disregard for court orders goes back at
least half a year to July 2019" – "a period [that] comfortably falls within and even
exceeds periods of non-compliance other courts in this district have found to warrant
dispositive sanctions."[3] Rpt. at 6 (citing cases). Defendants were warned several times
that their "non-compliance would result in dispositive sanctions," including twice before
the Report was issued on October 1, 2019 and January 3, 2020.  *Id.*

As a final point, the Report notes that this is not Barkats' first instance of disobeying
court orders. It explains that Barkats "recently engaged in virtually identical behavior in another
case in this District resulting in imposition of dispositive sanctions" there as well.  *Id*. at 7 (citing

---

[3] This period of time does not account for other delays caused by Defendants. Another example of dilatory tactics came after the Court denied Defendants' motion for reconsideration to lift the stay. *See* Dkt. 43. Defendants then appealed that decision to the Second Circuit, but never filed an opening brief or appendix. *See Villalta v. J.S. Barkats, PLLC*, No. 18-2530, Dkts. 38, 42 (2d. Cir. 2018) (dismissing the appeal).

*Lewis Family Group Fund LP v. J.S. Barkats PLLC*, No. 16-CV-05255 (AJN), Dkt. 252 (S.D.N.Y. July 11, 2019) ("The Barkats Defendants have engaged in 'sustained and willful intransigence in the face of repeated and explicit warnings from the [C]ourt.'")).

The Court thus concludes that there is no clear error in the Report's recommendation that dispositive sanctions in the form of a default judgment against Defendants are appropriate and Plaintiff's motion should be granted. Indeed, in light of Defendants' persistent and flagrant bad-faith conduct throughout this litigation, the Court would reach the same conclusion under *de novo* review.  As Judge Lehrburger correctly noted, "[t]hat time has come" where Barkats' willful disregard of court orders must be sanctioned.  Rpt. at 7.

## CONCLUSION

Accordingly, the Court adopts the Report in its entirety and grants Plaintiff's motion for default judgment against Defendants. As the Report also recommends, *see id.*. at 7, the Court will refer this matter back to Judge Lehrburger to conduct an inquest for determination of damages.

SO ORDERED.

Dated:      July 14, 2020
            New York, New York

_____
RONNIE ABRAMS
United States District Judge