# BORRELLI & ASSOCIATES
## P.L.L.C.
www.employmentlawyernewyork.com

| | |
|---|---|
| 655 Third Avenue | 910 Franklin Avenue |
| Suite 1821 | Suite 200 |
| New York, NY 10017 | Garden City, NY 11530 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

April 12, 2021

*Via ECF Only*
The Honorable Robert W. Lehrburger
United States Magistrate Judge for the
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Villalta v. J.S. Barkats P.L.L.C., et al.*, 16-cv-2772 (RA)(RWL)

Dear Judge Lehrburger:

    As the Court knows, we represent the Plaintiff, Denisse Villalta, in the above-referenced sexual harassment/employment discrimination matter. We write pursuant to the Court's April 7, 2021 Order (ECF # 123), to submit Plaintiff's revised damages calculation spreadsheet after the inquest held on April 7, 2021.

    First, in lieu of further litigation on the proper treatment of Plaintiff's mitigation wages received in excess of her promised compensation from Defendants during certain periods of time, Plaintiff has simply adjusted her damages chart to reflect treating those time periods as credits against her accrued lost wage damages. Moreover, Plaintiff has designated October 31, 2018 as the end date for her calculation of lost wages, eliminated her 2018 voluntary surgery period from her calculation, and she has corrected certain relevant start and end dates of her various jobs in accordance with Plaintiff's testimony during the inquest hearing. Specifically, the following dates are now corrected: June 16, 2015 employment start date corrected to August 16, 2015; start date for her position with Marmur Dermatology corrected to June 26, 2016; and adjusted her end date for that position to April 20, 2018 (corrected from April 30, 2018). Plaintiff's revised damages calculation is attached hereto as **Exhibit 1**.

    Second, regarding interest, Plaintiff has designated a midpoint date for accruing interest at October 30, 2016 - - the date directly in the middle of when she first began accruing lost wages (i.e., October 31, 2014) and her last day of lost wages (i.e., October 31, 2018). Plaintiff has used the federal interest rate for calculating the interest owed to her, based on the average rate of return

on one-year Treasury bills. *E.g., Thomas v. iStar Fin. Inc.*, 508 F. Supp. 2d 252, 264 (S.D.N.Y. 2007). Using data available from this relevant time period (i.e., October 31, 2014 through October 31, 2018), the average value of the one-year Treasury yield was 1.01407%. Plaintiff has attached hereto as **Exhibit 2** the daily Treasury yields for the relevant time period.

Finally, Plaintiff has increased her request for an award of attorneys' fees to reflect the work that counsel has done since submitting Plaintiff's Proposed Findings of Fact and Conclusions of law, through the present. Plaintiff's counsel's billing records from December 3, 2020 to present are attached hereto as **Exhibit 3**. Plaintiff's total requested attorneys' fee award is now $128,056.74 based on a total of 464.60 billable hours worked on the matter (as compared to $121,266.24 as of December 2, 2020, which represented 436.60 billed hours).

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Michael R. Minkoff, Esq.
*For the Firm*

Copies to: Counsel for Defendants (*via* ECF)

2